**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jill Lopez, | No. CV-09-02271-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Government Employees Insurance Company, Geico General Insurance Company, | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Remand to Maricopa County Superior Court ("Superior Court"). (Dkt # 10.) For the following reasons, the Court grants Plaintiff's motion.

## BACKGROUND

The Complaint alleges Defendant GEICO General Insurance Company ("GEICO"), insured Plaintiff Jill Lopez ("Lopez"), under an automobile insurance policy. This policy was in force on April 15, 2007, when Lopez was involved in an automobile accident. (Dkt. # 1 Ex. A at 2-3.) Lopez's vehicle, a 2004 Chevy Trailblazer ("Trailblazer"), sustained "significant damage" and had to be towed from the scene of the accident. (*Id.* at 3.) Lopez had the vehicle towed to an automotive repair dealer that was not one of GEICO's recommended repair shops. (*Id.* at 3; Dkt. # 12 at 2.) As a result, GEICO did not conduct an investigation into the vehicle's damage and refused to pay the vehicle repair costs, unless the

vehicle was towed to a GEICO-recommended shop. (Dkt. # 1 Ex. A at 3.) GEICO, nevertheless, provided Lopez with a rental care reimbursement of $25 a day for 30 days (*Id.*; Dkt. # 12 at 2.) After 30 days, the repair shop had yet to finish repairs on Lopez's vehicle, and despite Lopez's earlier request to take the vehicle to another shop, the repair shop refused to release the car in a timely manner. (Dkt. # 12 at 2.) Additionally, GEICO ceased its rental car reimbursements after 30 days, so Lopez was left without access to a vehicle. (Dkt. # 1 Ex. A at 3.) As a result, Lopez purchased another vehicle and stopped making payments on her Trailblazer. (*Id.*) The Trailblazer was ultimately repossessed, leaving Lopez with a deficiency balance of $22,921.17. (*Id.*)

The Complaint's prayer for relief did not seek a specific dollar amount, but instead sought (1) "[d]amages for failure to pay policy benefits," (2) "[c]ompensatory damages for distress, financial harm and other incidental damages in an amount to be determined at trial," (3) "punitive and exemplary damages in an amount to be proven at trial to appropriately punish, deter, and set an example of Defendant," (4) "[c]osts of suit incurred by Lopez," (5) "[r]easonable attorney's fees," and (6) "such further relief as the Court deems just and proper." (*Id.* at 5.) And while the Complaint does not contain a specific dollar amount, Lopez did file a Certificate of Compulsory Arbitration with the Complaint, certifying that the amount sought in the Complaint exceeds $50,000. (*Id.* at 10.)

On October 29th, 2009, GEICO filed a notice of removal to this Court under 28 U.S.C. 1441(a). (*Id.*) GEICO asserts this Court has diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000. (*Id.*)

**DISCUSSION**

"[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Only "actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "If at any time before final judgment it appears that the district court

lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999) ("The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction.") (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)). One way a district court may have removal jurisdiction is if the plaintiff and defendant are citizens of different states and the "matter in controversy exceeds . . . $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The burden of proof regarding the amount in controversy depends on whether the face of the plaintiff's complaint alleges a specific amount or whether the complaint is ambiguous. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402, 404 (9th Cir. 1996).

**I.     GEICO Has Not Shown the Amount in Controversy More Likely Than Not Exceeds $75,000.**

Because Lopez's complaint is "unclear or ambiguous" regarding the amount in controversy, *Guglielmino*, 506 F.3d at 699, GEICO "bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez*, 102 F.3d at 404 ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]."); *see also Gaus*, 980 F.2d at 566-67 ("If it is unclear what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support . . . the jurisdictional amount."). In considering whether the defendant has satisfied the preponderance of the evidence standard, the Court considers "facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of

1 removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1090 (9th Cir. 2003). "[R]emoval 'cannot be based simply upon conclusory allegations' where the [complaint] is silent" as to the dollar amount sought. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Upon examination of the damages sought by the Complaint, GEICO has not satisfied its burden of establishing that the amount in controversy requirement is met.

### A. Unpaid Policy Benefits

The unpaid policy benefits Lopez seeks do not alone meet the amount in controversy requirement. Lopez's Complaint seeks actual damages for GEICO's alleged breach of the policy agreement of $22,921.17. It is not evident to the Court that this amount continues to accrue due to a continuing obligation for GEICO to pay rental car payments.

### B. Emotional Distress, Punitive Damages, and Attorneys' Fees

In determining the amount in controversy, courts may also consider damages for emotional distress, punitive damages, and attorneys' fees. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (considering emotional distress awards in similar cases); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("[P]unitive damages are part of the amount in controversy . . . ."); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). These damages and fees, however, must not leave substantial doubt and must be more than speculative to meet GEICO's burden of proving the amount in controversy. *See Sanchez*, 102 F.3d at 404; *Singer*, 116 F.3d at 377. Here, GEICO presents inadequate evidence to show that the amount in controversy exceeds $75,000.

#### (1) Emotional Distress and Punitive Damages

Courts may consider emotional distress and punitive damages for the amount in controversy if they are recoverable under the applicable law. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943); *Gibson*, 261 F.3d at 945. Arizona law allows for punitive

damages awards in bad faith insurance cases. *Filasky v. Preferred Risk Mut. Ins. Co.*, 734 P.2d 76, 83 (Ariz. 1987).

Courts sometimes consider comparable awards in determining whether or not punitive damages would exceed $75,000. *See Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575 (D. Ariz. 2003) (finding that the removing defendant established the amount in controversy requirement where the notice of removal cited similar cases in which the plaintiff was awarded at least $500,000 in punitive damages). The defendant, however, must "articulate why the *particular facts* that are alleged in the instant action might warrant extraordinary" damages. *See Haisch v. Allstate Ins. Co.*, 942 F.Supp. 1245, 1249 (D. Ariz. 1996) (emphasis added) ("It would be inherently speculative . . . to conclude that the amount in controversy requirement can be met simply by asserting that large punitive damages have been awarded in the past against insurance companies . . . .").

Although GEICO correctly notes that the amount in controversy requirement may be satisfied by producing an affidavit that highlights the fact that other large punitive awards have been handed down within that jurisdiction, GEICO's affidavit in this case is insufficient. *See Burk v. Med. Sav. Ins. Co.*, 348 F. Supp.2d 1063 (D. Ariz. 2004). In this case, defense counsel produces an affidavit stating that he "is unaware of a single reported Arizona case decided in the last 15 years in which a punitive damages award did not exceed $75,000." (Dkt. # 12 Ex. 3 at 3.) This affidavit is virtually identical to the affidavit produced by defense counsel in *Burk*. *Id.* at 1069. In *Burk*, the court found that such an affidavit was insufficient to conclude that the plaintiff's complaint satisfied the amount in controversy requirement because defense counsel's affidavit was not supported by citation to a single "relevant case where punitive damages in excess of $75,000 were awarded." *Id.* Similarly, in *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F.Supp. 1196, 1201 (N.D. Cal. 1998), the court found that even though the defendant had provided tangible evidence of jury verdicts awarding punitive damages in insurance bad faith cases in excess of $75,000, the jurisdictional amount was nonetheless not satisfied because the defendant failed to compare the facts of the cited cases to the facts of its case. As in *Burk* and *Conrad* GEICO fails to

compare the facts of comparable cases to the facts of this case. In fact, GEICO does not even cite a single case to support defense counsel's affidavit.

**(2) Attorneys' Fees**

Courts may include attorneys' fees in accessing the amount in controversy when "an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language." *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007); *Galt*, 142 F.3d at 1156. Arizona law authorizes a discretionary award of attorneys' fees in contract actions. Ariz. Rev. Stat. § 12-341.01(A). These fees, however, must not leave substantial doubt and must be more than speculative to meet GEICO's burden of proving the amount in controversy. *See Sanchez*, 102 F.3d at 404; *Singer*, 116 F.3d at 377.

GEICO estimates that Lopez's attorneys' fees will fall somewhere between $40,000 to $60,000. (Dkt. # 12 Ex. 3 at 3.) GEICO supports this argument with an affidavit from defense counsel, predicting the tasks each side will undertake in litigating the case through discovery. *Id.* Defense counsel predicts that the tasks through discovery will consume approximately 200 billable hours. *Id.* Defense counsel estimates that opposing counsel bills between $200 to $300 per hour, yielding a $40,000 to $60,000 range for attorneys' fees. *Id.*

Defense counsel's affidavit relating to attorneys' fees is essentially identical to the affidavit produced by the defense counsel in *Burk*. 348 F.Supp.2d at 1068. In *Burk*, the court found defense counsel's prediction of plaintiff's attorneys' fees to be highly speculative and therefore held that the affidavit failed to meet the preponderance of the evidence burden of proof. *Id.* ("[E]ven if Plaintiff's counsel in fact pursues all of the tasks defense counsel anticipates, it is nonetheless impossible to calculate the fees those activities will generate with no evidence of the time they will consume or the rate at which they will be billed."). Lopez's affidavit indicating that she works on a contingency fee, rather than billable hour basis, and that she has, to date, put in less than ten hours of work on the case, further illustrates the highly speculative nature of defense counsel's estimation. (Dkt. # 15 Ex. 1 at 8–9).

/ / /

## C. Certificate of Compulsory Arbitration

GEICO next argues that Lopez has admitted in her Certificate of Compulsory Arbitration that the Complaint, exclusive of attorneys' fees, exceeds $50,000. According to GEICO, this makes it more likely than not that the amount in controversy, including attorneys' fees, exceeds $75,000. (Dkt. # 12 at 4.) Lopez's admission that the Complaint exceeds $50,000 does not establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Dukes v. Twin City Fire Ins. Co.*, 2010 WL 94109 at *2 (D. Ariz. Jan. 6, 2010) ("Plaintiff's admission in her Certificate of Compulsory Arbitration sufficiently establishes that the amount in controversy exceeds $50,000, but . . . Defendant has presented insufficient evidence that the amount in controversy exceeds $75,000."). Assuming that Lopez received exactly $50,000, the question becomes how much Lopez's attorney would receive in attorneys' fees. Defense counsel's estimate puts opposing counsel's fees between $40,000 to $60,000. Lopez's counsel, in her affidavit, indicated that she is paid on a contingency fee basis of approximately 26.2%. (*See* Dkt. # 15 Ex. 1 at 8.) Applying this percentage to $50,000, the amount of damages that Lopez conceded, provides Lopez's counsel with $13,100 in attorneys' fees. (*See id.*) And, while this equates to $63,100, it obviously does not show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

## D. Lopez's Failure to Stipulate to Damages

Finally, the Court rejects GIECO's contention that Lopez must stipulate that she will cap her damages at $75,000. There is no authority that requires her to do so. Instead, the authority is to the contrary. *See, e.g.*, *Conrad*, 994 F. Supp. at 1199 (holding that failure to expressly stipulate to damages below $75,000 is not even persuasive in evaluating the worth of the claims alleged in a complaint). Indeed, because a defect in subject matter jurisdiction cannot be stipulated to or waived, attempting to force the plaintiff to enter a stipulation regarding the potential amount of damages would serve no effect in determining the actual amount in controversy at the time of removal. *See id.* (citing *Angus v. Shiley, Inc.*, 989 F.2d 142 (3rd Cir. 1993).

**CONCLUSION**

Removal to this Court was improper because GEICO has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

**IT IS THEREFORE ORDERED** that Lopez's Motion to Remand (Dkt. # 10) is **GRANTED**. The Clerk of the Court is directed to **REMAND** this case to Maricopa County Superior Court.

DATED this 12th day of March, 2010.

*G. Murray Snow*
G. Murray Snow
United States District Judge